**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) _Christian Ayala-pellot 20P-0045_ :
**(Name of Plaintiff)          (Inmate Number)**

_730 E. Walnut St. Lebanon, PA 17042_ :
**(Address)**

                              :

(2)_____ :
**(Name of Plaintiff)          (Inmate Number)**

                              :                _____

_____ :                 **(Case Number)**

**(Address)**

**(Each named party must be numbered,** :
**and all names must be printed or typed)** :

            **vs.**             :          **CIVIL  COMPLAINT**

(1)_Tina Litz - DWT_____ :

(2)_Michael L. Ott - DWS_____ :

(3)_Robert Karns - Warden_____ :         **FILED**
**(Names of Defendants)**                  **SCRANTON**

**(Each named party must be numbered,** :      OCT 0 9 2020
**and all names must be printed or typed)** :

                              Per_____
                                  DEPUTY CLERK

**TO BE FILED UNDER:** ☑ **42 U.S.C. § 1983 - STATE OFFICIALS**

                  ☐ **28 U.S.C. § 1331 - FEDERAL OFFICIALS**

## I.  PREVIOUS  LAWSUITS

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

        N/A _____

_____

_____

_____

**II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?  ☑ Yes   ☐ No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?  ☑ Yes   ☐ No

C.    If your answer to "B" is Yes:

1.  What steps did you take?  Filed an inmate Grievance form & written an appeal to warden

2.  What was the result?  Denial from the prison administration.

D.    If your answer to "B" is No, explain why not: _____

_____

**III.   DEFENDANTS**

(1) Name of first defendant:  Tina Litz

Employed as  Deputy Warden Treatment  Lebanon County Facility
Mailing address:  730 E. Walnut St Lebanon, PA 17042
(2) Name of second defendant:  Michael L. Ott
Employed as  hh Deputy Warden Security  at  Lebanon County Facility
Mailing address:  730 E Walnut St. Lebanon, PA 17042
(3) Name of third defendant:  Robert Karns
Employed as  Warden  at  Lebanon County Facility
Mailing address: 730 E. Walnut St. Lebanon, PA 17042

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

**IV. STATEMENT OF CLAIM**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1.    Statement to this claim is due to cruel & unusual punishments and various violations that the above prison administration that includes, deputy warden

2

2. Michael L. Ott, and Warden Robert Karns allowed. These punishments include removing bedding items, using or fogger, taking away possessions such as hygiene articles and clothing including Legal paperwork,

3. not allowing no showers or any type or form of communication to contact family and/or Legal council, attached is an outline & summary of these offenses included a calendar of these actions in dates and place.

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. I am looking for a relief that can be subject to monetary damages as in money damages or release from prison.

2.

3.

3

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___28th___ day of ___September___, 20___20___

_____
(Signature of Plaintiff)

4

4th Still on lockdown. No Showers. All possessions still taken

5th

6th

7th

CONTINUED

8th Taken to block 4 cell 62, supposed not already active. Got sprayed. On lockdown. No shower. No possessions. All clothes worn taken.

9th Just mattress given back. No blanket. Still no medical attention. Body & eyes burning. No shower. Forced to wear uniform with spray.

10th Since the 9th no blanket still. still burning. No shower. Forced to stay in sprayed cell. No medical attention

11th 5 minute shower at 1:30 a.m. no blanket. Still uniform and mattress with spray. Every time Fogger wets it re-activates. No medical attention.

12th lockdown. No shower. Still no blanket forced to sleep freezing cells. Naked Under Uniform. Cells still not properly cleaned. no medical attention

13th Got out of lockdown. Got Blanket & sheet back, moved to cell 57 finally showered. made phone calls. No medical attention.

14th

15th

16th

CONTINUED.

17th Got ALL of our properties Back – Yay!

* Let it be known all this is on camera!

Name: Christian Ayala-
PIN#: 20P-0045          Pellot
DOB 3-3-96

August: 2020 at LCCF

21st Taken out cell1 block1 for urine test. couldn't urinate. No write up.
went to SHU cell 64.

22nd Taken out cell 64 block 4 strip searched. found supposed roachie
inside toilet. Taken to RHU cell 83. Possessions Taken. No shower

23rd Recieved write up. On lockdown. no shower. no possessions but
mattress and blanket. 24 hrs in cell.

24th

25th                              CONTINUED

26th

27th

28th Possessions given back. 5 minute shower only . no phone
calls.

29th

30th                        CONTINUED

31st On lockdown again. All possessions taken. No shower

1st September:                CONTINUED.

2nd Few possessions given back. 5 minute Shower Only

3rd Possessions taken again. On lockdown. No shower

Nunez Chustin Analc-
Pellot
PIN# 20P-0045
DOB 3.3.96

\* Important notices

\* Between the dates of Aug. 21st and Sept. 13th 2020
I was allowed only 5 showers for 5 minutes only.

\* Starting September 3, 2020 to September 11th we were
not allowed no showers. That is 8 days running together
with no soap and shower violating my right to a shower
at least twice a week in title 37 chapter 95.

\* In between August 22, 2020 to September 13, 2020 I
was not allowed to contact family being I had no form of
communication in which I was not allowed no phone calls
and all property such as pen, paper, and envelopes to
write were taken.

\* Between the dates of August 22, 2020 and September
11, 2020 I got my property taken for more than 72 hours
at a time couple times and mattress including blanket,
sheets 16 hrs. or more at a time forced to sleep on
cold metal with only boxers on.

\* September 8, 2020 when sprayed due to not understanding
the order to take towel off my head because I do not know
english by Brett Noll Emmick. I was not given any
medical attention causing me to burn for few days even
when medical help was asked.

* Due to these cruel & unusual punishments and being on psych medication I, Christian Ayala-Pellot, suffered physically, emotionally, and mentally. As an American citizen of the United States I have rights to exersice and due to these punishments my rights were violated.

* When sprayed the OC administrative card was not read to me and medical attention was not offered causing me to burn in my eyes and all over my front body for couple days in which I did not know when spray is damp or wet it re-activates.

* Due to my possessions taken and only given back September 17, 2020 from August 22, 2020 I was not able to have my paper-work in which I have 2 open cases. Due to this punishment I was not able to contact my lawyer to refrain from a plea bargain I was offered and/or study my cases. Due to no form of communication between the above dates being no phone calls either I could not contact my lawyer in any way.

* Let it be known ALL this is on camera!

In Title 37 Chapter 95.229 in Bedding Under #3 says local written policy must provide that the prison administrator has discretion to issue bedding items to or removing bedding items from an inmate when possession of those items by the inmate could compromise the order, security or safety of the prison. Therefore, where as removing my bedding items i.e., my mattress, sheet and blanket for the reasonings of assuming of being under the influence of an unknown drug or smoking in which no contraband was found prior to these actions or because of other inmates behavior proves that my right to have my mattress, blanket and sheet were violated in which caused sleepless nights, forced to sleep on cold metal in which caused body aches, back pain in which also interfiered with my psych medication I take. Due to these conditions I, Christian Ayala-Pellot, suffered physically, mentally, and emotionally.

In Title 37 chapter 95.231 under personal hygiene #1 says Inmates shall be required to maintain proper hygiene standards. Also, #2 says inmates shall bathe at least twice a week. #3 says an inmate determined to be indigent shall be provided with articles to attain satisfactory personal hygiene. Therefore, where as only allowing me five showers for five minutes between the dates of August 21, 2020 and September 12, 2020 and starting September 3, 2020 to September 11, 2020 running straight with no showers violates my right to a shower at least twice a week and being indigent not being provided with proper personal hygiene i.e. soap, toothbrush, toothpaste, and deodarant for a long period of time being ALL possessions were removed for the reasonings of assuming of being under the influence of an unknown drug or smoking in which no contraband was found prior to these actions or because of other inmates behavior proves that my rights were violated to maintain proper hygiene standards, and attaining satisfactory hygiene articles as an indigent inmate.

In Title 37 Chapter 95.236 in Access to legal resources under #1 says to enable inmates to excercise their right of access to the courts, inmates shall be permitted access to adequate legal resources. Written local policy shall provide a means of assistance for an inmate that does not speak English. Also, #2 says County Wardens shall have discretion in determining the type of legal resources to be made available to ensure inmates can excercise their right to access to the courts. Therefore, where as due to my possessions removed and having no access to phone calls, paper, envelopes, and being on lockdown In between August 22, 2020 to September 13, 2020 with no form of communication I was not able to have my personal legal paperwork to in which I have two open cases and due to this punishment I was not able to write and/or call my lawyer to refrain from a plea bargain I was offered and/or study my case. Due to these punishments I could not however attemp to contact my lawyer violating my rights to Access to legal resources and/or rights to access to the courts. Under these conditions I, Christian Ayala-Pellot, suffered emotionally, and mentally.

In Title 37 chapter 95.238 in recreation under #4 says inmates under disciplinary status or segregation shall recieve 1 hour of outdoor activity 5 days a week. Therefore, where as being on lockdown in disciplinary status only allowing few days a five minute shower in between the dates of August 21, 2020 and September 13, 2020 not allowing 1 hour recreation either outdoor or indoor violates my right to recreation under disciplinary status. Let it be known these punishments were brought to me for the reasonings of assuming of being under the influence of an unknown drug or smoking in which no contraband was found prior to these actions or because of other inmates behavior.

In Title 37 chapter 95.240 in inmate disciplinary procedures under #4 says written local policy must provide that discipline for a major infraction may not be imposed unless the inmate has been informed of the offense charged in writing, has had an opportunity to present a defense and has been found guilty of the charge by an impartial party or board designated by the prison administrator. Findings of guilt or innocence must be expressed in writing and based on information presented. Written findings of guilt must state the reasons for the finding. Under #5 says written local Policy must provide that disciplinary charges and written findings relative to a major infraction be recorded and made a permanent part of an inmates prison file. Also, #9 says written local policy must provide that the imposition of discipline not violate an inmates right to be free from cruel and unusual punishment. Therefore, where as under #4 and #5 under these disciplinary procedures was violated being on August 21, 2020 I, Christian Ayala-pellot, was removed from Block 1 Cell 1 for the assumption of being under the influence of an unknown drug and was re-located

to Block 4 cell 64 in disciplinary status
however with NO write up and/or a charge
in written form. Also, no written reasonings
or findings of guilt to be punished for to be
re-located to the SHU on disciplinary status.
Where as to #9 to in which I put my
Grievance #2002-212 for cruel and unusual
punishment under this section was violated
also. Please see attached important notices
also included with the daily basis calendar
I concluded for cruel and unusual punishments
between the dates of August 21, 2020 and
September 13, 2020. Due to these punishments
my rights to exercise were violated as an
inmate at a county prison and as a citizen of
the United States of America. Also, Due to
these punishments I, Christian Ayala-Pellot,
suffered physically, emotionally, and mentally.

In Title chapter 95.241 in Security under #2 (i) use of force says Force shall be restricted to instances of justifiable self-defense, protection of others, protection of property, prevention of escapes and to effect compliance with the rules and regulations of the facility when other methods of control are ineffective or insufficient and only the least amount of force necessary to achieve that purpose is authorized. Force may not be used as a means of punishment or revenge. #2 (ii)(B) says written local policy must specifically identify Authorized equipment such as physical restraints, chemical agents, stun devices, batons or firearms permitted for use by prison staff. #2 (ii)(G) Says Medical consultation, review and treatment is required when use of force occurs. Therefore, where as September 8, 2020 I, Christian Ayala-Pellot, was sprayed by an OC Fogger due to not understanding an order in which I do not understand english. As my celly, José Luis Ortiz, tried to attempt to explain officer Brett-Noll Emmick I do not understand english we both got sprayed. Let it be known that the order was to take towel of my head in which did not violate

security under #2 (i). Due to these conditions the OC administrative card was not read to me nor medical attention was offered in which I was yelling for but to no avail causing me to burn for couple days for the reasoning of the re-activation of the fogger being damp or wet. Also, on top of no medical attention from being sprayed on the 8th of September we were not given no soap or showers until the 11th of September. That is 3 days wearing active spray on our bodies. Due to these conditions to my knowledge under title 37 chapter 95.241 in Security under #2 (i), #2 (ii)(B), and #2 (ii)(G) the use of force and the right to medical treatment were violated. Also, Due to these conditions I, Christian Ayala-Pellot, suffered physically, mentally, and emotionally.

In title 37 chapter 95.248 in Sanitation, Maintanence and safety under #4 says written local policy must provide for the inventory, control, storage and clean-up of toxic, caustic and flammable substances. Written local policy must also specify an exposure control plan for governing the handling of blood-born pathogens. Therefore, where as on September 8, 2020 I, Christian Ayala-Peliot, was re-located from the RHU to the SHU, forced to walk on socks, when the SHU was already on hostile mode towards staff members in which inmates were throwing feces and urine on the block creating unsanitary conditions, Therefore to these actions I believe the block should have been cleaned up before any re-locations, transfers and under #4 of title 37 chapter 95.248 to my belief and knowledge were violated.

* I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of section 4904 of the crimes code (18 Pa.C.S. §4904) relating to unsworn falsification to authorities

x Christian A. Peliot

October 1, 2020

FILED
SCRANTON
OCT 0 9 2020
Per _____
DEPUTY CLERK

To: United States District Court
        for the
    Middle District of Pennsylvania

From: Christian Ayala-Pellot        DOB: 3·3·96
        Inmate at Lebanon County Facility
        Lebanon, Pa 17042
        Inmate #: 20p-0045

Subject: Cruel & Unusual Punishments at LCCF

To Whom it may Concern,
                    The reasoning of this letter
is to inform you that I do understand that I
was only allowed to attach no more than 3
pages to explain in summary of the offenses that
have been taken here explaining the cruel & unusual
punishments brought to me. However, I did
seperately include few pages explaining the
minimum requirements county prisons are to
follow from Title 37 chapter 95 and how it
was violated violating my rights as a county
inmate also proving the cruel & unusual
punishments taken action here at LCCF causing
I, christian Ayala-Pellot, physical, emotional,
and mental harm. Please consider this due to
my rights as a citizen of the United States and
thank you for your time.
                            Respectfully,
                        x _____
                            Inmate

Christian Ayala-Pellot
Lebanon County Prison
730 E. Walnut st.
Lebanon, Pa 17042

RECEIVED
SCRANTON

OCT 09 2020

PER _____
DEPUTY CLERK

Hasler
10/05/2020
US POSTAGE $002.00°
FIRST-CLASS MAIL

ZIP 17042
011E12651312

United States District Court
for the
Middle District of Pennsylvania
William J. Nealon federal BLDG. & U.S.
Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148