IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTIAN AYALA PELLOT,** | : | **CIVIL ACTION NO. 1:20-CV-1867** |
| | : | |
| **Plaintiff,** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **TINA LITZ**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983 in which plaintiff Christian Ayala Pellot, a former inmate in the Lebanon County Prison, alleges various violations of his constitutional rights during his incarceration in the prison arising from the denial of showers, the confiscation of clothing, personal items, and bedding, and the use of pepper spray. Defendants have moved to dismiss the complaint. The motion will be granted.

**I.      Factual Background & Procedural History**

Pellot initiated this case through the filing of a complaint on October 9, 2020. (Doc. 1). In the complaint, Pellot alleges that between August 21, 2020 and September 13, 2020, Pellot was only allowed to take five showers, each of which lasted only five minutes. (Id. at 7). Towards the end of this period, from September 3, 2020 to September 11, 2020, Pellot allegedly was not allowed to take any showers for an eight-day period. (Id.)

Pellot alleges that between August 22, 2020 and September 13, 2020, he was not able to contact his family because all of his pens, papers, and envelopes were

confiscated and he was not allowed to make phone calls. (Id.) On multiple occasions during this period, prison officials allegedly confiscated Pellot's personal property, including his blanket and sheets, "for more than 72 hours at a time." (Id.) Pellot was allegedly forced to sleep on a metal bed frame with only boxers on. (Id.)

Pellot alleges that on September 8, 2020, he was pepper sprayed by a correctional officer and was not given any medical attention. (Id. at 8). Pellot alleges that he was not permitted to shower for three days after being pepper sprayed. (Id. at 16). He additionally alleges that from August 22, 2020 to September 17, 2020, his legal materials were confiscated, which hindered his ability to litigate two unspecified cases. (Id. at 8).

Sometime during his confinement, Pellot was purportedly placed in disciplinary confinement without first receiving written charges of misconduct. He allegedly was not given recreation time while in disciplinary confinement. (Id. at 12-14.) Additionally, when he was returned from disciplinary confinement to the prison's general population, Pellot alleges that "inmates were throwing feces and urine on the block creating unsanitary conditions." (Id. at 17). Despite these conditions, Pellot was allegedly made to walk to his cell without shoes on. (Id.)

Pellot alleges that prison officials' actions violated various provisions of Pennsylvania's administrative code, including 37 Pa. Code § 95.229, 37 Pa. Code § 95.231, 37 Pa. Code § 95.236, 37 Pa. Code § 95.238, 37 Pa. Code § 95.240, 37 Pa. Code § 95.241, and 37 Pa. Code § 95.248. (Doc. 1 at 9-17). He additionally asserts that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. (Id. at 18).

Pellot names as defendants Tina Litz, the prison's deputy warden for treatment; Michael L. Ott, the prison's deputy warden for security; and Robert Karnes, the prison's warden. (Id. at 2). He seeks money damages or release from prison as relief for his claims. (Id. at 3).

Defendants moved to dismiss the complaint on March 11, 2021, arguing that dismissal is appropriate because Pellot fails to allege defendants' personal involvement in the alleged violation of his civil rights. Defendants additionally argue that the complaint should be dismissed to the extent that it alleges violations of Pennsylvania's administrative code, because such claims are not cognizable in civil rights claims under 42 U.S.C. § 1983.

The court issued an order on May 14, 2021 requiring Pellot to oppose the motion to dismiss on or before May 28, 2021 and warned that a failure to do so would result in the motion to dismiss being deemed unopposed. Pellot did not oppose the motion by that deadline.

The court issued another order on November 17, 2021 in which the court noted that recent filings from Pellot indicated a different address than the one listed on the court's docket. Concluding that this likely meant that Pellot had not received copies of the motion to dismiss or the court's May 14, 2021 order, the court directed the Clerk of Court to update Pellot's address and directed the Clerk of Court to serve Pellot with copies of the motion to dismiss and the supporting brief at the updated address. The court additionally *sua sponte* extended the deadline for Pellot to respond to the motion to dismiss to December 1, 2021 and warned that a failure to respond would result in the motion being deemed unopposed.

The copy of the November 17, 2021 order that was mailed to Pellot was returned to the court on December 14, 2021 based on a typographical error in Pellot's inmate number on the outside of the envelope.  In light of this fact, the court issued an order on December 15, 2021 that *sua sponte* extended the deadline for Pellot to respond to the motion to dismiss to January 3, 2022.  That deadline has since passed, and Pellot has not responded to the motion to dismiss.  The motion will accordingly be deemed unopposed.  See M.D. PA. L.R. 7.6.

## II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting

4

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III.   Discussion**

Pellot brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United

States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendants' motion to dismiss argues that dismissal is appropriate because the complaint does not allege that defendants were personally involved in any violation of Pellot's civil rights. (Doc. 17 at 3-5).

We agree. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id. Pellot's complaint does not make any allegations as to how defendants were personally involved in the alleged violations of his rights. Rather, the claims against defendants appear to be based entirely on their role as supervisory officials in the prison, which is insufficient to allege personal involvement. See id. We will dismiss Pellot's civil rights claims on that basis.

We will, however, grant Pellot leave to amend his complaint. Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Leave to amend is appropriate here because Pellot's claims are factually, rather than legally, deficient.

6

Finally, to the extent that Pellot's complaint raises independent claims for violation of various Pennsylvania regulations, we will decline to consider those claims at this time pending the amendment of Pellot's federal civil rights claims. If Pellot's federal claims are ultimately dismissed from this case, we will decline to exercise jurisdiction over his state law claims. See 28 U.S.C. § 1367(c)(3).

**IV.     Conclusion**

We will grant defendants' motion to dismiss, dismiss Pellot's complaint without prejudice, and grant Pellot leave to file an amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     January 20, 2022